UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER MICHELLE CRITES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 17-1336 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On February 17, 2017, plaintiff Amber Michelle Crites filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; February 22, 2017 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 5, 2013, and April 29, 2015, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits, respectively, in which she alleged disability beginning on June 1, 2012, due to rheumatoid arthritis. (Administrative Record ("AR") 22, 191, 193, 226). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on October 7, 2015. (AR 57-105).

On November 13, 2015, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 22-33). Specifically, the ALJ found: (1) plaintiff suffered from severe impairments of rheumatoid arthritis, and morbid obesity (AR 24); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 25); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[1] (AR ); (4) plaintiff could perform past relevant work as a teacher's aide (AR 31-32); and (5) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible (AR 30).

On December 15, 2016, the Appeals Council denied plaintiff's application for review. (AR 4).

///

---

[1] The ALJ determined that plaintiff also (i) could do occasional balancing, stooping, crouching, and climbing of ramps/stairs; (ii) never climb ladders/ropes/scaffolds, kneel, or crawl; (iii) needed to avoid extreme cold and hazards (machinery, heights, etc.); and (iv) was limited to completing three to four step tasks on a sustained basis. (AR 25).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that he or she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by

substantial evidence in the record." 42 U.S.C. § 405(g); <u>Trevizo v. Berryhill</u>, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." <u>Rounds v. Commissioner of Social Security Administration</u>, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. <u>Trevizo</u>, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. <u>Treichler v. Commissioner of Social Security Administration</u>, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Trevizo</u>, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." <u>Id.</u> When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" <u>Garrison v. Colvin</u>, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

While an ALJ's decision need not be drafted with "ideal clarity," at a minimum it must describe the ALJ's reasoning with sufficient specificity and clarity to "allow[] for meaningful review." <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 492 (9th Cir. 2015) (citations and internal quotation marks omitted); <u>see generally</u> 42 U.S.C. § 405(b)(1) ("ALJ's unfavorable decision must, among other things, "set[] forth a discussion of the evidence" and state "the reason or reasons upon which it is based"); <u>Securities and Exchange Commission v. Chenery Corp.</u>, 332 U.S. 194, 196-97 (1947) (administrative agency's determination must be set

forth with clarity and specificity). Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted).

### C. Medical Opinion Evidence

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians" (*e.g.*, "State agency medical or psychological consultant[s]"). 20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); 416.927(c)(1)-(2) & (e), 416.902, 416.913(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

Unless a treating physician's opinion has been given "controlling" weight, an ALJ must consider multiple factors when deciding the amount of weight to give the opinion, including (i) "[l]ength of the treatment relationship and the frequency of examination"; (ii) "[n]ature and extent of the treatment relationship"; (iii) "supportability" (*i.e.*, the amount of "relevant evidence" the medical source presents, and the quality/extent of the "explanation a source provides for an opinion"); (iv) "[c]onsistency . . . with the record as a whole"; (v) "[s]pecialization" (*i.e.*, "[whether an] opinion [provided by] a specialist about medical issues related to his or her area of specialty"); and (vi) "[o]ther factors . . .

which tend to support or contradict the opinion" (*i.e.*, the extent to which a physician "is familiar with the other information in [a claimant's] case record," or the physician understands Social Security "disability programs and their evidentiary requirements"). 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6); see Trevizo, 871 F.3d at 675 (citation omitted).

A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject the uncontroverted opinion of a treating physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted).

An ALJ may provide "substantial evidence" for rejecting a treating physician's opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Id. (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted).

## IV. DISCUSSION

Here, plaintiff contends that the ALJ failed properly to consider the opinions expressed in a declaration from Dr. Rachel Mory, plaintiff's treating rheumatologist. (Plaintiff's Motion at 4-13). Dr. Mory opined that, as of June 1, 2012, plaintiff had a global functioning status under American College of Rheumatology criteria of "Class III" (*i.e.*, that "[plaintiff] is able to perform usual self-care activities but is limited in vocational and avocational activities"), and that plaintiff's impairments and related limitations essentially would prevent plaintiff

6

from performing even sedentary work (collectively "Dr. Mory's Opinions"). (AR 716-19). A remand or reversal on this basis is not warranted.

First, to the extent Dr. Mory opined about plaintiff's functional abilities for the period from June 1, 2012 (*i.e.*, the onset date alleged here) through April 15, 2014 (when Dr. Mory first began treating plaintiff), such retrospective opinions were not based on Dr. Mory's direct personal knowledge of plaintiff's condition during that time, but instead were based solely on the treating physician's review of plaintiff's historical medical records. (AR 28, 716-19). As the ALJ noted, such opinions were directly contradicted by those of Dr. Powell – a treating physician who, in contrast, did have the opportunity to examine plaintiff around the relevant time period, but assessed plaintiff with a much less restrictive global functioning status (*i.e.*, "Class I"). (AR 30-31, 355-56). Thus, the ALJ properly rejected Dr. Mory's retrospective opinions. See, e.g., Magallanes, 881 F.2d at 754 (ALJ proper rejected retrospective opinion from treating physician who "had no direct personal knowledge of [plaintiff's] condition [during pertinent time period], and was thus scarcely different from any non-treating physician with respect to [such] time period" and physician's "retrospective opinion was contradicted by the findings and opinions of several doctors who did have the opportunity to examine [claimant] during [relevant] time period") (citation omitted); Swenson v. Colvin, 2014 WL 6669350, *6 (E.D. Wash. Nov. 24, 2014) ("An ALJ may [] reject a treating physician's retrospective opinion which is merely based on a review of Plaintiff's historical records, rather than on the treating physician's contemporaneous evaluation.") (citing id.).

Second, Dr. Mory's declaration suggests that the treating physician only provided opinions regarding plaintiff's functional capacity "[p]rior to December 2013." (AR 718). Nonetheless, to the extent Dr. Mory intended to opine about plaintiff's functional abilities during the time period when Dr. Mory was treating plaintiff, as the ALJ suggested, Dr. Mory's Opinions were inconsistent with the

7

record as a whole, and specifically were not supported by the physician's own treatment notes. (AR 30-31). For example, as the ALJ's detailed and extensive discussion of the medical evidence and the record as a whole suggest, Dr. Mory's treatment records for plaintiff document few, if any, physical limitations for plaintiff much less any objective findings on physical examination that would plausibly support the significant physical limitations the treating physician found for plaintiff. (AR 26-31, 498-503, 505-09, 512-15, 520-24, 591-92). Hence, the ALJ properly rejected Dr. Mory's Opinions on this basis as well. See Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1228 (9th Cir. 2009) ("An ALJ may reject the opinion of any physician, including a treating physician, to the extent the opinion is 'brief, conclusory and inadequately supported by clinical findings.'") (citation omitted); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (ALJ properly rejected treating physician's opinion where "treatment notes provide[d] no basis for the functional restrictions [physician] opined should be imposed on [claimant]").

       Third, the ALJ wrote "[t]he functional limitations indicated [in Dr. Mory's Opinions] appear to be a sympathetic rather than objective opinion." (AR 31). Such conclusory finding, however, was not a legitimate basis for rejecting Dr. Mory's Opinions. See Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1996) ("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits.") (citation and quotation marks omitted). Nonetheless, any error was harmless given that, as discussed herein, the ALJ properly rejected Dr. Mory's Opinions for other specific and legitimate reasons supported by substantial evidence in the record as a whole.

       Finally, the ALJ properly rejected Dr. Mory's Opinions in favor of the conflicting opinions of the state agency examining physician, Dr. Birgit Siekerkotte – who, as the ALJ noted, essentially opined that plaintiff retained "the residual functional capacity for a range of medium work" (*i.e.*, "could be expected

8

to lift or carry . . . 50 pounds occasionally and 25 pounds frequently," stand or walk up to six hours, in an eight-hour workday, and sit "without limitations") (AR 30, 438), and the state agency reviewing physicians, Dr. R. Fast (AR 114-16) and Dr. Nasrabadi (AR 129-31) – both of whom essentially assessed plaintiff with a residual functional capacity that contained fewer limitations than the ALJ's assessment (compare AR 25 with AR 114-16, 129-31). The opinions of Dr. Siekerkotte were supported by the physician's independent examination of plaintiff (AR 436-38), and thus, without more, constituted substantial evidence upon which the ALJ could properly rely to reject Dr. Mory's Opinions. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (citations omitted). The opinions of Drs. Fast and Nasrabadi also constituted substantial evidence supporting the ALJ's decision since they were supported by other independent medical evidence in the record, specifically Dr. Siekerkotte's opinions and underlying independent examination. See id. (opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with independent clinical findings).

To the extent plaintiff contends that the medical opinion evidence does not support rejection of Dr. Mory's Opinions (Plaintiff's Motion at 11-13), the Court will not second guess the ALJ's reasonable determination otherwise. See generally Trevizo, 871 F.3d at 674-75 ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld.") (citation omitted).

Accordingly, a remand or reversal is not warranted on this basis.

///
///
///
///
///

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 21, 2017

                                                /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE